# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ORLANDO M. APODACA, | CASE NO. 10cv307 WQH |
|---|---|
| Plaintiff, | **ORDER** |
| vs. | |
| HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR HOME EQUITY LOAN TRUST SERIES ACE 2004-HE3, AMERICA'S SERVICING COMPANY, NDEx WEST LLC, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. And DOES 1 through 100 INCLUSIVE, | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss Plaintiff's Complaint, (Doc. # 5), filed by Defendants HSBC Bank ("HSBC"), Wells Fargo Bank[1] ("Wells Fargo") and Mortgage Electronic Registrations Systems, Inc. ("MERS") (collectively, "Defendants").

## BACKGROUND

This action relates to Plaintiff's mortgage. On December 17, 2009, Plaintiff, proceeding pro se, initiated this action by filing his Complaint in the Superior Court of California for the County of San Diego. (Compl., Doc. # 1).

The Complaint alleges Plaintiff owned property located at 853 Pinewood Dr.,

---

[1] The Wells Fargo Home Mortgage division of Wells Fargo Bank is doing business as Defendant America's Servicing Company ("ASC").

Oceanside, CA, 92057 ("the Property"). (Compl., Doc. # 1 ¶ 9). The Complaint alleges Plaintiff entered into a loan agreement with WMC Mortgage Corporation on August 12, 2004. (*Id.* ¶ 11). Plaintiff attached several documents to his complaint. The attached documents show that the mortgage securing the loan was recorded on August 17, 2004. (*Id.*, Ex. 2). The original recorded mortgage lists MERS as a beneficiary. (*Id.*, Exs. 1, 2). On March 12, 2008, Defendant NDEx West LLC ("NDEx"), acting as an agent for the beneficiary MERS, filed a Notice of Default informing Plaintiff that his property was in foreclosure because he was behind on his payments. (*Id.*, Ex. 1). On May 19, 2008, MERS substituted NDEx as trustee under the Deed of Trust securing Plaintiff's mortgage. (*Id.*, Ex. 4). The Complaint alleges HSBC purchased the Property on July 31, 2008, at a trustee's sale. (*Id.* ¶ 14). The Complaint alleges Plaintiff sent ASC a Qualified Written Request ("QWR") on May 18, 2009, requesting that ASC provide Plaintiff "the Original, Wet Ink, Unaltered Promissory Note." (*Id.* ¶ 41; Ex. 3). The Complaint alleges that although ASC acknowledged receiving the QWR on May 23, 2009, ASC provided no response within sixty days. (*Id.* ¶ 41).

The Complaint alleges eight causes of action: (1) Wrongful Foreclosure in Violation of the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA") and California Civil Code section 2934a; (2) Quiet Title; (3) Violation of Regulation Z, California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), the Fair Debt Collection Practices Act ("FDCPA"), and RESPA; (4) Breach of Fiduciary Duty; (5) Constructive Fraud; (6) Accounting Injunctions; (7) Slander of Title and Recording of Fraudulent Documents; and (8) Declaratory Relief. On February 8, 2010, Defendants filed a Notice of Removal removing the action to this Court. (Doc. # 1). On February 16, 2010, Defendants filed their Motion to Dismiss Plaintiff's Complaint. (Doc. # 5).

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

1  P. 8(a)(2).  Dismissal under Rule 12(b)(6) is appropriate where the Complaint lacks a
2  cognizable legal theory or sufficient facts to support a cognizable legal theory.  *See*
3  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

4        To sufficiently state a claim for relief, a Complaint "does not need detailed factual
5  allegations" but the "[f]actual allegations must be enough to raise a right to relief above the
6  speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[A] plaintiff's
7  obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels
8  and conclusions, and a formulaic recitation of the elements of a cause of action will not
9  do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).  When considering a motion to dismiss, a court
10 must accept as true all "well-pleaded factual allegations." *Ashcroft v.Iqbal*, --- U.S. ----,
11 129 S. Ct. 1937, 1950 (2009).  "Courts have a duty to construe pro se pleadings liberally,
12 including pro se motions as well as complaints." *Bernhardt v. Los Angeles County*, 339
13 F.3d 920, 925 (9th Cir. 2003).  However, a court is not "required to accept as true
14 allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable
15 inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see,*
16 *e.g., Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) ("Plaintiffs' general
17 statement that Wal-Mart exercised control over their day-to-day employment is a
18 conclusion, not a factual allegation stated with any specificity.  We need not accept
19 Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss.").  "In sum, for a
20 Complaint to survive a motion to dismiss, the non-conclusory factual content, and
21 reasonable inferences from that content, must be plausibly suggestive of a claim entitling
22 the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009)
23 (quotations omitted).

## ANALYSIS

**I. Federal Law Claims**

26     Plaintiff's first cause of action for wrongful foreclosure alleges three separate
27 claims: (1) violation of TILA, (2) violation of RESPA, and (3) violation of California Civil
28 Code section 2934a.  (Compl., Doc. # 1 ¶ 41).  Although Plaintiff alleges that Defendant
   NDEx "went into automatic default on the sixty first day []after receiving Plaintiff's letter

styled as a QWR[] (meaning they have no standing in Court), under TILA and RESPA," no provision of TILA relates to Defendants' alleged failure to respond to his QWR. (*Id.*) Although Plaintiff labels this claim a TILA claim, he makes no factual allegations that relate to TILA.[2] Plaintiff also refers to "Regulation X at 24 C.F.R. part 3500 and the Gramm Leach Bliley Act" in his first cause of action, however, Plaintiff has made no factual allegations related to either Regulation X or to the Gramm Leach Bliley Act and does not explain his citations to these laws.

Plaintiff's third cause of action, which he styles as "Violations of Federal Regulation Under Regulation Z" repeats the RESPA violations alleged in the first cause of action, alleging that Defendants HSBC and ASC failed to respond to a QWR Plaintiff sent Defendant ASC. (*Id.* ¶¶ 69-76). Plaintiff also alleges in his third cause of action that Defendants violated the RFDCPA and FDCPA. Plaintiff has failed to identify any facts that would support a cause of action under the FDCPA. Plaintiff's statement that Defendants "accepted income for the rendering of real estate services which were in fact charges for other than services actually performed" is a conclusion, not a specific factual allegation. (*Id.* ¶ 74). Plaintiff's conclusory statements fail to state a cause of action under the FDCPA. *See Twombly*, 550 U.S. at 555. The remaining causes of action all involve claims under state law. The Court will address the federal claim Plaintiff alleges under RESPA in his first and third causes of action.

Defendants contend Plaintiff's RESPA claim is untimely because Plaintiff sent the QWR nine months after the Property was sold. (Doc. # 15 at 16). Defendants contend that Wells Fargo had no duty under RESPA to respond to Plaintiff's untimely QWR. (*Id.*) Defendants also contend that Plaintiff's allegations do "not rise to the level of an actionable RESPA claim" because Plaintiff did not allege actual damages resulting from the alleged RESPA violation. Defendants also contend that Plaintiff's RESPA claim fails because

---

[2] Any TILA claim in this case would be time-barred because more than one year has elapsed since the date of alleged violations. (Doc. # 5, at 15); *see* 15 U.S.C. § 1640 ("Any action under this section may be brought . . . within one year from the date of the occurrence of the violation."); *King v. State of California*, 784 F.2d 910, 915 (9th Cir. 1986) (holding that the date of the loan transaction is generally the date of the occurrence of a TILA violation).

Plaintiff "has not alleged proper tender." (*Id.*)

Plaintiff contends that his RESPA claim is not time-barred because Plaintiff was "wrongfully evicted from the proeprty on December 29, 2009 under threat, duress and coercion . . . [and is] continuing to suffer irreprable harm and injury." (Doc. # 15 at 3).

RESPA requires that a loan servicer, upon receiving a QWR from any borrower, shall "provide the borrower with a written explanation or clarification that includes information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer." 12 U.S.C. § 2605(e)(1)(a). RESPA also provides that any loan servicer who violates RESPA provisions may be liable to an individual borrower for: (1) actual damages and (2) additional damages "in the case of a pattern or practice of noncompliance" not to exceed $1000. 12 U.S.C. § 2605(f)(1). "[A] number of courts have read the statute as requiring a showing of pecuniary damages in order to state a claim." *Allen v. United Fin. Mortgage Corp.*, 660 F. Supp. 2d 1089, 1097 (N.D. Cal. 2009) (*citing Singh v. Wash. Mut. Bank*, No. C-09-2771 MMC, 2009 WL 2588885, at *5 (N.D. Cal. Aug. 19, 2009)); *see Garibay v. Am. Home Mortgage*, No. 09cv1460, 2010 WL 1291475, at *3 (S.D. Cal. Mar. 26, 2010); *Molina v. Wash. Mut. Bank*, No. 09-CV-00894-IEG (AJB), 2010 WL 431439, at *7 (S.D.Cal. Jan 29, 2010); *Llaban v. Carrington Mortgage Servs., LLC*, No. 3:09-cv-01667-H-POR, 2009 WL 2870154, at *4-5 (S.D. Cal. Sept. 3, 2009); *Pickard v. WMC Mortgage Corp.*, No. CV F 09-1760 LJO GSA, 2009 WL 3416134, at *8 (E.D. Cal. Oct. 21, 2009). "This pleading requirement has the effect of limiting the cause of action to circumstances in which plaintiffs can show that a [§ 2605 violation] has caused them actual harm." *Allen*, 660 F. Supp. 2d at 1097 (dismissing RESPA claim when Plaintiff only alleged damages consisting of the "loss of plaintiff's home together with his attorney fees" and when Plaintiff failed to allege RESPA violations caused any kind of pecuniary loss); *see Singh,* 2009 WL 2588885, at *5 (dismissing RESPA claim when Plaintiff only alleged conclusory statement that "'[a]s a result' of defendant'' failure to respond, defendants 'are liable for actual damages, costs, and attorney fees'" and failed to provide facts supporting actual damages). Moreover, a Plaintiff must "point to some colorable relationship between his injury and the actions or omissions that

allegedly violated RESPA." *Allen v. United Fin. Mortgage Corp.*, No. 09-2507 SC, 2010 WL 1135787, at *5 (N.D.Cal. March 22, 2010) (dismissing RESPA claim a second time when Plaintiff alleged he suffered damages of falling behind on his mortgage payments, negative credit impact, and emotional distress, but failed to allege the causal relationship of the damages to RESPA violations). Although a Plaintiff must plead actual, pecuniary damages under § 2605, "courts have interpreted this requirement liberally" *Yulaeva v. Greenpoint Mortgage Funding, Inc.*, No. CIV. S-09-1504 LKK/KJM, 2009 WL 2880393, at *15 (E.D. Cal. Sept. 3, 2009) (holding Plaintiff's allegation of specific, unlawful fee payment to sufficiently establish pecuniary loss).

In this case, Plaintiff has not alleged any facts showing that Defendants' failure to respond to Plaintiff's QWR resulted in actual, pecuniary damages. Plaintiff alleges he sent his QWR on May 18, 2009, over nine months after his property was sold at a foreclosure sale on July 31, 2008. The loss of Plaintiff's house, which Plaintiff attempts to tie to the alleged RESPA violation, occurred well before Plaintiff sent the QWR and that loss cannot be attributed to Defendant's alleged failure to respond to the QWR nine months later. Because Plaintiff has failed to allege actual damages resulting from the alleged RESPA violations, Plaintiff has failed to state a claim under RESPA. Defendants' Motion to Dismiss is granted as to Plaintiff's RESPA claims.

**III. State Law Claims**

The Notice of Removal asserts that federal question jurisdiction exists pursuant to 28 U.S.C. §§ 1331 because Plaintiff alleged claims for violation of TILA, RESPA, and the FDCPA claims. (Doc. # 1 at 2). Neither the Complaint nor the Notice of Removal assert that diversity jurisdiction exists. The Notice of Removal asserts this court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a). (*Id.*).

The federal supplemental jurisdiction statute provides: "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article II of the United States Constitution." 28 U.S.C. § 1367(a). A district court may

decline to exercise supplemental jurisdiction over a state law claim if:

>  (1) the claim raises a novel or complex issue of State law,
>
>  (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction
>
>  (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
>  (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Because the Court has dismissed all of the federal law claims, the Court declines to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(3). *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction."); *San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998) (district courts not required to provide explanation when declining jurisdiction pursuant to 28 U.S.C. § 1367(c)(3)).

## CONCLUSION

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (Doc. # 5) is **GRANTED**. Plaintiff may file a motion for leave to amend the complaint within thirty (30) days of the date of this order. Plaintiff must obtain a hearing date pursuant to the Local Rules of Civil Procedure before filing any motion for leave to amend. In the event no motion is filed, the Court will close the case.

DATED: April 27, 2010

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge